# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN SMITH,                              :
                                         :
              **Plaintiff,**             :
                                         :
       v.                                :    3:21-CV-1634          FILED
                                         :    (JUDGE MARIANI)       SCRANTON
JUDGE VITO P. GEROULO, *et al.*,         :
                                         :                          APR 24 2023
              **Defendants.**            :                   PER_____
                                                                  DEPUTY CLERK

### ORDER

**AND NOW, THIS _____ DAY OF APRIL, 2023**, upon *de novo* review of

Magistrate Judge Joseph F. Saporito's Report and Recommendation ("R&R") (Doc. 6),

Plaintiff's Objections thereto (Docs. 10, 11), and all other relevant documents, **IT IS**

**HEREBY ORDERED THAT**:

1. The R&R (Doc. 6) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Objections (Docs. 10, 11) are **OVERRULED**.[1]

---

[1] Plaintiff summarizes his Objections as follows:
1. Plaintiff did not give consent for a Magistrate Judge to review this case, 2. The case should
be referred to Judge Christopher C. Conner as Judge Conner is presiding over Plaintiff['s] 5
other open and pending federal cases, 3. Plaintiff can meet the exception(s) of the Younger
Doctrine and 4. Plaintiff is in jeopardy of imminent irreparable harm. . .
(Doc. 10, at 1; *see also*, Doc. 11, at 9-15).
    With respect to Plaintiff's first argument, consent is only necessary where the Magistrate Judge is
assigned to conduct any or all proceedings in a jury or nonjury civil matter and is able to order the entry of
judgment in the case, *see* 28 U.S.C. § 636(c). However, regardless of the parties' consent, a District Court
Judge may designate a Magistrate Judge to hear and determine any non-dispositive pretrial matter pending
before the court as well as to conduct hearings and to submit to a District Court Judge proposed findings of
fact and recommendations for the disposition of any dispositive motion, *see id.* at § 636(b).
    Plaintiff's second argument is equally without merit.  Although the Court recognizes that Judge
Conner is presiding over several of Plaintiff's other cases, Plaintiff is not entitled to the judge of his choice
and there is no requirement that a single judge preside over every case that a specific plaintiff may bring,

particularly where there is no assertion that the above-captioned case is directly related to any case presently before Judge Conner.

Plaintiff's third Objection – that he can "meet the exception(s) of the Younger Doctrine" – also fails. Here, Plaintiff's Complaint and Objections to the R&R are directed at the actions of state actors in a pending PCRA proceeding. That proceeding implicates important state interests in so far as Pennsylvania's ability to enforce its own laws and to manage the administration of its judicial system are vital. Further, the ongoing state court proceedings provide Plaintiff with an adequate opportunity to raise his federal claims. *See e.g. Woodward v. Bortner*, 2019 WL 5789977, \*3 (M.D.Pa. 2019) (". . . it is clear that all three *Younger* criteria are met. First, there is an ongoing state criminal PCRA proceeding of Woodard regarding which his request for relief would interfere. Second, the state PCRA proceedings implicate the important state interest of enforcing its criminal laws and of exhausting available state court appeals. To the extent that Woodard is seeking this federal court to stop the PCRA proceedings, such proceedings clearly implicate important state interests. Third, Woodard has an opportunity to raise his claims in his state criminal PCRA proceedings as well as in subsequent state court appeals."). Plaintiff Smith asserts that he can meet the narrow exceptions of *Younger*, focusing repeatedly on the "judge's and prosecutor's refusal to move forward and resolve the issue". (Doc. 11, at 10-12). However, here Plaintiff's *pro se* amended PCRA petition was filed on November 7, 2022 and the record reflects that the state court judge, Defendant Geroulo, issued two orders in December 2022, including an order directing that the Commonwealth is not required to file an answer to the amended PCRA petition. On these facts, Plaintiff cannot demonstrate that "the state proceedings are being undertaken in bad faith or for purposes of harassment" or that "some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential of irreparable harm to the federal interests asserted," *see Jaffery v. Atlantic Cty. Prosecutor's Office*, 695 F.App'x 38, 40 (3d Cir. 2017).

Finally, referencing Judge Saporito's finding that Plaintiff's "request for injunctive relief with respect to a *Glazier* hearing is now moot" (Doc. 6, at 3), Plaintiff states that he can "resolve the issue of mootness by requesting monetary damages" and therefore requests leave to file an amended complaint "to include a request for monetary damages." (Doc. 11, at 9). Upon review of the well-pleaded allegations set forth in Plaintiff's Complaint, it is evident that Defendants Geroulo and Barrasse are entitled to judicial immunity where their alleged actions were exclusively taken in the course of the performance of their duties and no alleged acts were taken in the complete absence of all jurisdiction. *See e.g. Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) ("our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.") (per curium) (internal citations omitted); *id.* at 9 ("Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotation marks omitted); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")(internal quotation marks omitted). As such, the judicial defendants are immune both from suit and from an assessment of damages, rendering Plaintiff's motion to amend futile. *See Mireles*, 502 U.S. at 11 ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Similarly, the allegations of the Complaint support a finding that Defendant District Attorney Mark Powell is protected by

3.  Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and 28

U.S.C. § 1915(e)(2)(B)(ii), without leave to amend.

Robert D. Mariani
United States District Judge

---

prosecutorial immunity where his alleged actions were intimately associated with the judicial phase of the criminal process and he is therefore also immune from an assessment of damages.